# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| IN RE: | ) |
| RODNEY DWAYNE CRABTREE, | ) Case Number: 09-20593-drd13 |
| | ) |
| Debtor. | ) |

_____

| | |
|---|---|
| RODNEY DWAYNE CRABTREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Proc. No.: 13-020____ |
| v. | ) |
| | ) |
| GREEN TREE SERVICING, LLC, | ) |
| a Delaware Limited Liability Company, | ) |
| | ) |
| SERVE REGISTERED AGENT AT: | ) |
| CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO 63105 | ) |
| Defendants. | ) |

### DEBTOR/PLAINTIFF'S COMPLAINT AND ADVERSARY PROCEEDING IN BANKRUPTCY REGARDING CREDITORS' CONTEMPT OF AND TO ENFORCE ORDER DISCHARGING DEBTOR

**COME NOW** Plaintiff, by and through their below-signed attorney of record, and for their Complaint and Adversary Proceeding herein state and aver the following to the Court that:

### Preliminary Statement and Parties

1. Rodney Dwayne Crabtree (hereinafter Plaintiff, or Plaintiff/Debtor, or Debtor) brings this action under 11 U.S.C. § 524(a), 11 U.S.C. § 105, Western District of Missouri Bankruptcy Local Rule 3094-1(c)(3), and 11 U.S.C. § 1681 *et. seq.*, to obtain actual damages, statutory damages,

      injunctive relief, declaratory relief, punitive damages and other relief as a result of the Defendant's violations and contempt of Plaintiff's Discharge Order, and other events arising in Plaintiff's underlying Chapter 13 case, and other actions.

2. Defendant Green Tree Servicing, LLC (hereinafter "Green Tree" or "Green Tree Servicing") is a limited liability company formed under the laws of the State of Delaware, with at least one of its business headquarters and primary place of business at 300 Landmark Towers, 345 St. Peter Street, St. Paul, MN 55102, that is currently registered and in good standing with the Secretary of State of Missouri.

3. Green Tree Servicing was the holder of a Note secured by Plaintiff's previous residential real estate, which was foreclosed prior to the filing of Plaintiff's Chapter 13 Bankruptcy.  Plaintiff is unaware of the date of the foreclosure.

4. Green Tree Servicing, LLC. has repeatedly employed various willful means and actions in attempts to collect a duly and properly discharged debt (hereinafter Debt) allegedly owed by Plaintiffs/Debtors before their underlying Chapter 13 case, such collection actions having been undertaken after Discharge in the instant Chapter 13 Bankruptcy case.

5. Defendant Green Tree Servicing, LLC can be found in and conducts activities within this District.  Plaintiff will serve this Complaint on the Registered Agent for Defendant Green Tree Loan Servicing, LLC, CT Corporation System, 120 South Central Avenue, Clayton, MO  63105.  Plaintiff will also serve this Complaint at Green Tree Loan Servicing LLC, at 300 Landmark Towers, 345 St. Peter Street, St. Paul, MN 55102.

**Jurisdiction and Venue**

6. The allegations in paragraphs 1 through 5 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

7. Original and exclusive jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property and rights of the Debtor in that case.

8. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

9. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

10. This Court also has federal subject matter jurisdiction that is properly founded upon Section 1331 of Title 28 of the United States Code.

11. This matter is primarily a core proceeding, and, therefore, this Bankruptcy Court has jurisdiction to enter a final Order. However, in the event this case is determined to be a non-core proceeding then, and in that event, the Plaintiffs consent to the entry of a final Order by the Bankruptcy Judge.

12. Venue correctly lies in this District pursuant to Section 1391(b)(1) of Title 28 of the United States Code.

13. This Court has ancillary jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because the claims arise out of the same nucleus of operative facts as Plaintiffs' federal claims.

14. This Court has personal jurisdiction over the Defendants due to the fact that, *inter alia*, Defendants regularly conduct business within this District.

**Factual Allegations**

15. The allegations in paragraphs 1 through 14 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

16. At some time prior to the filing of Debtors' underlying Chapter 13 case, Defendant held a Note and Deed of Trust on Plaintiff's former residence. Debtor/Plaintiff believes that the account number for Green Tree Servicing was 348966.

17. Prior to the filing of Debtor's underlying Chapter 13 Bankruptcy Defendant conducted and completed a foreclosure sale of Plaintiffs' residential real property. Plaintiff is unsure of the date of the foreclosure sale.

18. Due to the foreclosure sale of the Plaintiff/Debtor's former residence, Plaintiff/Debtor's legal and equitable title to the above-referenced property were all extinguished.

19. Plaintiff filed a voluntary Chapter 13 Petition on or about March 21, 2008; Case No. 08-20472-drd13, in the United States Bankruptcy Court for the Western District of Missouri.

20. In their Chapter 13 Bankruptcy, Plaintiffs scheduled Green Tree Servicing, LLC, as a creditor holding an unsecured claim.

21. Defendant, and its counsels and/or agents at the time of the filing of Plaintiff's Chapter 13 Bankruptcy received timely, actual and/or constructive notice of the Plaintiff's Chapter 13 Bankruptcy. Defendant Green Tree Servicing did not file a Proof of Claim during Plaintiff's Chapter 13 Bankruptcy.

22. On or about April 18, 2011, Plaintiff received an Order of Discharge after completion of his Chapter 13 Plan in his underlying Chapter 13 Bankruptcy.

23. Notice of Discharge was sent by electronic transmission by the Bankruptcy Noticing Center on April 20, 2011 to Green Tree Servicing, LLC, through the Western District of Missouri Bankruptcy Court's CM/ECF electronic mail system.

24. Since Plaintiff received Discharge in their Chapter 13 case, Defendant Green Tree has continuously and abusively contacted and hounded

Plaintiff/Debtor. Defendant Green Tree has improperly contacted and hounded Plaintiff/Debtor in the following manners, the following list is not inclusive of all improper communications from Defendant Green Tree:

a. On or about August 17, 2012, Plaintiff received a letter from Green Tree Servicing dated July 31, 2012. In that letter, Green Tree Servicing stated that there was a "Balance Reduction Program Now Available!" This letter also stated that Plaintiff had a current balance of $45,695.85 on Account No. 94321879. In this letter, Green Tree stated that "If you agree to make 12 consecutive, timely monthly payments...you can take advantage of our balance reduction program." The letter contained the following statements:

"Green Tree Servicing, LLC is required to report the debt forgiveness to the Internal Revenue Service upon borrower's successful completion of the payment plan."

"This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose."

"Important Notice: We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

b. In response to this letter, Plaintiff's wife, Pamela Crabtree, called Green Tree Servicing on or about August 17, 2012. She spoke with a Ryan Rafert. Mr. Rafert told Mrs. Crabtree that even though Mr. Crabtree had received discharge in his Chapter 13, he was still liable for the full amount stated in the letter dated July 31, 2012. Mr. Rafert initially told Mrs. Crabtree that Plaintiff had executed a reaffirmation agreement, but when that was refuted by Mrs. Crabtree, he told her that it was possible that was a mistake. Mr. Raftert told Mrs. Crabtree that he had discussed the account with

    Green Tree's bankruptcy department and that they had determined that Plaintiff was still liable on the account. Mr. Rafert then suggested that Plaintiff discuss the matter with his bankruptcy attorney.

  c. Green Tree Servicing mailed to Plaintiff a letter dated February 22, 2013 regarding an outstanding balance on Account Number 93421879. The letter stated that Plaintiff owed an outstanding balance of $45,695.85. The letter offered a "tax-time" discount on the outstanding balance. The settlement amount offered was $11,423.96, and the due date for payment was stated as April 15, 2013. The letter stated: "If we do not hear from you by 04/15/2013, we will assume that you are not interested in this offer and Green Tree may consider exercising its available remedies." The letter also had an "Important Notice" that stated: "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit report."

25. Plaintiff has recently been contacted by the Internal Revenue Service that Defendant Green Tree has reported the discharged debt has been "written off". Plaintiff believes that he has not received any tax documentation or indication from Defendant Green Tree. The Internal Revenue Service has alleged that Plaintiff owes approximately $30,000.00 in taxes, fees and penalties. Pending discovery and review of documentation, this could lead to additional cause of action.

26. The boiler-plate disclaimers contained in the above-referenced correspondences do not absolve Defendant Green Tree Servicing, LLC from its clear duty not to engage in improper attempts to collect and demand payment on a properly discharged debt.

27. Plaintiff/Debtor acted in no way, prior to or during his Chapter 13 Bankruptcy, to hinder or defraud any of the Defendant or to prevent Green Tree Servicing, LLC from establishing and/or asserting whatever contractual rights were allegedly available to it.

28. Defendant's repeated and continual attempts to collect on the properly discharged debt have caused Plaintiff to suffer great anxiety and consternation. Defendant's constant attempts to collect on this pre-petition debt, which was properly discharged in the Plaintiff's Bankruptcy, has made it impossible for Plaintiff to experience the "fresh start" that he expected after adhering to the strict requirements of the Bankruptcy Code. Plaintiff is in constant worry as to what Defendant is going to do next, and has spent many sleepless nights worrying about Defendant's actions.

29. Due to Defendant's willful actions in contempt of and in clear disregard of the permanent Discharge Injunction and the Consent Judgment, Plaintiff is without further recourse and can only obtain proper and complete remedy for Defendant's improper collection actions by filing this Adversary Proceeding.

**First Cause of Action:  Violations of 11 U.S.C. § 524(a)**

30. The allegations in paragraphs 1 through 29 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

31. During all relevant and applicable times herein there was in effect, through this Honorable Court, the permanent Discharge Injunction as set forth by operation of 11 U.S.C. § 524(a). Section 524 of the Bankruptcy Code provides the Debtor with an injunction against collection of debts discharged and thus embodies the "fresh start" concept of the Code.

32. Herein-named Defendant held, and holds, actual knowledge of the Plaintiff's underlying Chapter 13 Bankruptcy filed in this Honorable Court,

7

and, therefore, herein-named Defendant had actual knowledge of all statutory injunctions against any further creditor or collection actions against the Debtor or property of the Debtor.

33. Defendant has repeatedly and willfully violated and acted in contempt of the Discharge Injunction as set forth by operation of 11 U.S.C. § 524(a) by seeking to collect from the Debtor for a debt discharged by operation of Bankruptcy by commencement of actions to collect or recover from, or offset against, property of the Debtor.

34. Defendant's willful and prolonged behavior has shown a clear disregard for the Debtor's Discharge, and such actions show that it will continue to ignore the Discharge Injunction, unless sanctioned harshly and compelled by this Court to follow the clear mandates of 11 U.S.C. § 524(a).

35. The inherent power of the federal courts to punish for contemptuous behavior is well established and this power can reach both conduct before the Court and that beyond the Court's confines. The Court's power to determine that a party is in contempt is based both in 11 U.S.C. §105(a) and in the inherent power of the federal courts to sanction contemptuous conduct.

36. Section 105 of the United States Bankruptcy Code grants statutory contempt powers in the bankruptcy context, stating, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". Thus Bankruptcy Courts have independent statutory powers to award monetary and other relief for violations of the permanent discharge injunction to the extent such awards are necessary and appropriate to carry out the provisions of the Code. The purpose of a Section 105 contempt sanction is to compensate the complainant for losses and expenses it incurred because of the contemptuous act, and coerce the contemnor into complying with the Court's Order. Willful violations of the

permanent injunction of Section 524(a) create liability for a range of damages and remedies under Section 105.

37. The actions of the Defendant have caused the Debtor/Plaintiff financial hardship and actual economic and non-economic damages including, but not limited to, damage to his recent and current credit worthiness, emotional damages, for which he should be duly and fairly compensated by Defendant in an amount determined by the trier-of-fact, plus all costs and fees associated with Plaintiff's actions in seeking to remedy and rectify the Defendant's improper, contemptuous, and willful post-discharge actions.

38. After diligently adhering to mandates and requirements of the Bankruptcy Code for more than three (3) years, Debtor believed that he would receive and be able to avail himself of the "fresh start" promised by the Bankruptcy Code, and be free from the near-constant harassment he has recently endured at the hands of this pre-petition creditor. Defendant's actions have made that impossible. Since the successful completion of Debtor's Chapter 13 Bankruptcy, Defendant has completely disregarded the discharge injunction and subjected Debtor to the same constant harassment, through letters and phone calls, which Debtor believed would end with the filing, and successful completion, of his Chapter 13 Bankruptcy.

39. The actions of Defendant are so egregious that punitive damages awarded against Defendant, in an amount determined by the trier-of-fact are clearly warranted so as to dissuade the Defendant from future improper conduct of this nature and scope.

40. In the specific context of alleged violations of the permanent Discharge Injunction, bankruptcy courts increasingly are also assessing whether a creditor's actions evidence willfulness. *See, e.g.*; In re Dendy, 396 B.R. 171, 178 (Bankr. D.S.C. 2008); In re Casaroto, 407 B.R. 369, 377 (Bankr. W.D. Mo. 2009). Here, there can be no question as to the willfulness of Defendant's improper actions as against Debtor.

9

**WHEREFORE**, for good cause shown, Plaintiff prays for the following relief from Defendant:

a. Statutory and actual damages in the amount of not less than $1,250.00 for each and every collection and/or demand phone call made from Defendant to Plaintiff after Plaintiff received Discharge in his Chapter 13 Bankruptcy;

b. Statutory and actual damages in the amount of not less than $3,000.00 for each and every collection and/or demand letter and written correspondence sent to Plaintiff from Defendant after Plaintiff received Discharge in his Chapter 13 Bankruptcy;

c. Punitive damages in the amount of not less than seven times (7x) the statutory and actual damages awarded to Plaintiff;

d. Costs and reasonable attorney's fees incurred;

f. Any and all other relief this Court deems just and proper in the instant.

## Second Cause of Action:  Violations of Local Rule 3094-1(c)(3)

41. The allegations in paragraphs 1 through 40 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

42. At no time while Plaintiff's Chapter 13 confirmed Plan was active did Defendant file a notice of fees and costs incurred, as required by Western District of Missouri Bankruptcy Local Rule 3094-1(c)(3).

43. That per Western District of Missouri Bankruptcy Local Rule 3094-1(c)(3) the fees and charges that Defendant is attempting to assess have been deemed waived by this honorable Court. Nonetheless, Defendant is continuing to try to collect various fees and charges from Plaintiff for items incorrectly assessed prior to and after Plaintiff's Discharge.

**WHEREFORE**, for good cause shown, Plaintiff prays for the following relief from Defendants:

a. Statutory and actual damages in the amount of not less than $5,000.00 for each and every of Defendant's violations of Western District of Missouri Bankruptcy Local Rule 3094-1(c)(3);

b. Punitive damages in the amount of not less than seven times (7x) the statutory and actual damages awarded to Plaintiffs;

c. Costs and reasonable attorney's fees incurred;

d. Any and all other relief this Court deems just and proper in the instant.

                              **DEBT RELIEF LAW CENTER OF MISSOURI**

                              Respectfully submitted,

                              Kespohl, McCrary, & Cornejo, LLC

DATE: June 11, 2013           /s/ Michael W. McCrary
                              Michael W. McCrary, Esq.  #52878
                              1103 East Walnut Street
                              Columbia, MO 65201
                              Telephone:   (573) 443-2889
                              Facsimile:    (573) 443-3889
                              mccrarylawecf@yahoo.com
                              ATTORNEY FOR PLAINTIFF